# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | MDL No. 2:18-mn-2873-RMG <br><br> **AMENDED ORDER** <br><br> This Order Relates to <br> Case No. 2:24-cv-00392-RMG |

Before the Court is Plaintiff Dean Burnell's motion to amend the complaint and sever claims. (Dkt. No. 6609). The motion is authorized by Plaintiffs' Co-Lead Counsel, and no party has objected to the motion.

## I. Background

Plaintiffs brought this case against manufacturers and distributors of aqueous film-forming foams allegedly containing Polyfluoroalkyl substances and other hazardous chemicals.

Plaintiff Dean Burnell now moves to file an amended complaint to eliminate a defendant, add a defendant, add a plaintiff, add claims, and add injuries. (Dkt. No. 6609 at 2). Plaintiff Dean Burnell also moves to sever his claims from the remaining Plaintiffs in this member case. (Dkt. No. 6609 at 3). No party has objected to the proposed amendment or to the severance.

## II. Legal Standard

### A. Motion to Amend

After the time has passed to amend a pleading as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The district court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 15(a) is a "liberal

rule [that] gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc). The "district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." *Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 602-03 (4th Cir. 2010).

    B. **Motion to Sever**

A motion to sever requires the application of Rules 20 and 21 of the Federal Rules of Civil Procedure. Rule 20 sets forth a liberal standard for joinder, allowing the joining in a single civil action persons who assert claims "arising out of the same transaction, occurrence, or series of transactions or occurrences." Rule 21 abandons the common law rule of "misjoinder," but authorizes trial courts to "add or drop a party" or "sever any claim against a party." In addressing a motion to sever, courts consider the following factors:

1. Whether the issues sought to be tried separately are significantly different from one another;
2. Whether the separable issues require different witnesses and different documentary proof;
3. Whether the party opposing severance would be prejudiced if granted; and
4. Whether the moving party would be prejudiced if the claims are not severed.

*See Grayson Consulting, Inc. v. Cathcart*, No. 2:07-2992-DCN, 2014 WL 1512029 at *2 (D.S.C. 2019).

**III.**   **Discussion**

Having carefully reviewed the proposed amended complaint and considered the basis for its allegations, the Court finds that the permissive standard imposed by Rule 15(a) allows for

2

amendment in these circumstances. There is no indication that amending would prejudice the current defendants. *See Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980) ("[A]bsence of prejudice, though not alone determinative, will normally warrant granting leave to amend."). There is similarly no reasonable basis to find that Plaintiff Dean Burnell seeks to amend in bad faith. Accordingly, leave to amend is warranted.

Similarly, the Court finds severance is appropriate here under the *Grayson Consulting* factors. Factors one and two favor severance because Plaintiff Dean Burnell's claims differ from the remaining Plaintiffs in this member case and will require different witnesses and different documentary proof. Factors three and four favor severance because no party has objected to the severance. Accordingly, severance is appropriate here.

### IV. Conclusion

For the foregoing reasons, the motion to amend and sever (Dkt. No. 6609) is **GRANTED**. Plaintiff Dean Burnell's claims are severed from this member case, and he will be given a separate case number. Plaintiff Dean Burnell is directed to file the amended complaint in the new member case: 2:25-cv-02593-RMG.

**AND IT IS SO ORDERED.**

s/ Richard M. Gergel
Richard M. Gergel
United States District Judge

March 26, 2025
Charleston, South Carolina